ABRAHAM THOMPSON, Respondent, *v.* WILLIAM BENNETT'S ADMINISTRATOR, Appellant.

*Accord—Evidence.*—Where parties have, under the advice of a friend, come to a settlement of their demands, evidence that he was mistaken as to some of the facts is immaterial, it not appearing that the parties themselves were mistaken as to any fact at the time of the settlement.

*Appeal from St. Louis Circuit Court.*

*Hume & Gottschalk,* for respondent.

*Lackland, Cline & Jamison,* for appellant.

BATES, Judge, delivered the opinion of the court.

This was a suit upon a promissory note made by the defendant payable to the plaintiff. The petition stated that, after the execution and delivery of the note, the plaintiff, at the request of the defendant, delivered the note with others to a third person to be held by him for a short time, until it should be ascertained whether any errors had been made in the books kept in a certain business, in which the plaintiff and defendant were jointly concerned, so that they should not be negotiated before the books were examined, and if no erroneous entries should be found in the books, the plaintiff was again to possess the notes; that a reasonable time had elapsed and no errors had been found in the books, and none existed; but that the person who held the notes, being influenced thereto by the defendant, refused to deliver the notes to the plaintiff.

31—VOL. XXXIV.

The answer denied that the plaintiff was the owner of the notes, and stated that a co-partnership had existed between the plaintiff and the defendant, and that on the 22d of February, 1860, they dissolved their co-partnership and the plaintiff retired from the business, and the defendant executed the notes to the plaintiff and delivered them to George E. Harding, upon the express agreement and understanding, that the books of said co-partnership and the accounts of the respective partners should be examined by some impartial person, and said notes remain in said Harding's hands subject to the result of said examination; and if upon said examination the said plaintiff was found to be indebted to the defendant, that then and in that case the said notes should be of no avail or effect, and the same were to be delivered up to the defendant; and that the books were so examined and the plaintiff was found to be indebted to the defendant in a sum largely exceeding the amount of said notes, whereby they became of no effect.

At the trial, it appeared in evidence that while the plaintiff and defendant were partners, difficulties arose between them, and they applied to Mr. Harding to assist them in making an amicable settlement, and that he recommended to them as a compromise that they should dissolve their partnership; that Bennett should assume all the liabilities of the firm, and give Thompson the notes mentioned in payment for his entire interest in the firm ; that this proposition was agreed to by both parties, and they executed to each other mutual receipts in full, and Bennett executed the notes in question ; and that, after the execution of those papers, Bennett remarked that the books had been kept by Thompson, and he was apprehensive that they might contain errors, and was unwilling to let the notes go into the plaintiff's hands until the books could be examined to determine whether they had been correctly kept or not. He (Bennett) thereupon drew up an agreement, which was executed by Thompson, as follows:

" Whereas, the partnership of Bennett & Thompson has been dissolved, and the books of the house have not been examined ; now, therefore, if, when an examination is made, there should be found any errors on said books of Bennett & Thompson, those errors are to be adjusted and paid by the party against whom they are awarded."

Whereupon the notes and all the other papers relating to the business were placed in Harding's hands " until the books could be examined to ascertain whether they had been correctly kept." Afterwards Bennett notified Harding not to deliver the notes to Thompson, and Thompson demanded the notes from Harding, who refused to deliver them to him, but still held them.

There was evidence that the books had been examined, and that they were correctly kept, and contained no errors. The books did not show what were the respective amounts put into the business by the partners.

The defendant then offered to prove that when Harding made his recommendation of a settlement between the partners, he was mistaken as to the amount put into the business by Bennett; he supposing it to be thirty thousand dollars, when it was, in fact, thirty-five thousand dollars. Upon the objection of the plaintiff this evidence was rejected, and this action of the court is assigned for error.

The court did not err. The parties, Thompson & Bennett, (acting upon the proposal of their mutual friend) themselves made the contract for their settlement, and there is no pretence that Bennett was mistaken as to any fact which may have had an important bearing upon the terms of that settlement, and the mistake of Harding, who merely recommended the settlement as a compromise, is entirely immaterial. They were not bound by his recommendation, but only by their own contract.

The instructions asked by the defendant and refused, merely raise the same point.

Judgment affirmed ; Judges Bay and Dryden concurring.